## John Hermann

*v.*

## Seth Butler.

1. CERTIORARI—*when it will lie.* Where a party had been duly served with summons in a cause pending against him in the city court of East St. Louis, the mere fact that the plaintiff's name was written Bulter in the summons, instead of Butler, as it was upon the docket, was held not to be a sufficient excuse for his failure to appear and defend the suit, nor would it afford sufficient ground for the statutory writ of certiorari to remove the cause into the circuit court.

2. In such case the party sued, knowing there was a suit against him, should have appeared, and if the plaintiff's name was wrong in the summons he should have pleaded in abatement. He could not neglect his proper defense, and then have his writ of certiorari.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

A writ of certiorari was issued, under the statute, upon the following petition:

"John Hermann, the petitioner, represents that on the 2d day of November, 1870, Joseph D. Manners, judge of the city court of East St. Louis, in said county, issued a summons against petitioner, in favor of one Seth Butler, for a failure to pay him a demand not exceeding $800; that said summons was served upon him by the proper officer, commanding him to appear before said judge on the 7th of November, 1870, at 9 o'clock A. M.; that defendant did appear and asked said

15—59TH ILL.

Judge Manners if the case of *Seth Butler* v. *John Hermann* was ready for trial, when the said judge informed petitioner that there was no such case on his docket nor before the court. Petitioner, and his attorney, John B. Bowman, further examined said docket, and, after satisfying themselves that there was really no case against him, then left the court; that afterwards, to wit: on said 7th day of November, 1870, said Joseph D. Manners rendered a judgment against petitioner and in favor of one Seth Butler, for the sum of $125, and costs, taxed at $7.30; that on the 29th day of November, 1870, Timothy Canty, the executive officer of said city court, came to petitioner and levied upon some personal property by virtue of an execution issued in said case, and this, petitioner states, was the first notice he had of the pendency of any suit, or the rendition of any judgment, against him in said court, and particularly in favor of said Seth Butler.

"Petitioner represents that if he had had a chance to defend said suit on the trial, he could have proven that he was in nowise indebted to said Seth Butler, on any account whatever, and that he could have proven that the mare, on account of the loss of which he is informed he is sued by said Butler, was lost by said Butler himself while in his own charge, and that said judgment is wholly unjust and erroneous.

"Petitioner represents that he has had no chance to appeal in the ordinary way, because the first notice he had of the suit, as shown before, was twenty-seven days after said judgment; that this application is not made for delay, but that justice may be done to petitioner in the premises.

"Petitioner, therefore, prays that a writ of certiorari may issue in this cause, in pursuance of the statute in such case made and provided."

The writ of certiorari was afterwards, upon motion, quashed, and the petitioner thereupon appealed.

Mr. JOHN B. BOWMAN and Mr. LUKE H. HITE, for the appellants.

Mr. William G. Kase and Mr. George W. Brackett, for the appellee.

Per Curiam: Appellant filed a petition in the court below, for a writ of certiorari, which was issued.

The writ was properly quashed. It appears from the petition that appellant knew that there was a suit pending against him in the city court. He had been summoned.

What difference did it make whether the plaintiff's name was "Bulter" or "Butler?" If the plaintiff's name was wrong, a plea in abatement should have been interposed. Whether right or wrong, appellant should have appeared and made his defence.

The judgment, if improper, was clearly the result of negligence on the part of appellant. He was not entitled to the writ under the circumstances, and the judgment of the circuit court must be affirmed.

*Judgment affirmed.*